1
2
3
4
5
6
7
8                         **UNITED STATES DISTRICT COURT**
9                        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   WILBUR LANN PITTMAN,                    Civil No.   09-2408 MMA (PCL)
     CDCR #F-64353,
12
                                   Plaintiff,
13                                             **ORDER:**

14                                             **(1)  DISMISSING CIVIL ACTION
                                               WITHOUT PREJUDICE
                                               FOR FAILING TO PAY
15                                             FILING FEE REQUIRED
             vs.                               BY 28 U.S.C. § 1914(a) AND/OR
16                                             FAILING TO MOVE TO PROCEED
                                               *IN FORMA PAUPERIS*
17                                             PURSUANT TO
     P. RAMIREZ, et al.,                       28 U.S.C. § 1915(a)
18
19                                             **AND**

20                                             **(2)  DISMISSING CIVIL ACTION
                                   Defendants.  FOR LACK OF PROPER VENUE
                                               PURSUANT TO 28 U.S.C. § 1391(b)
21                                             AND 28 U.S.C. § 1406(a)**

22

23          Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center

24   located in Norco, California, and proceeding pro se, has filed a civil rights action pursuant to 42

25   U.S.C. § 1983.

26   ///

27   ///

28   ///

I.     **Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP.  Therefore, this case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

II.    **Lack of Proper Venue**

Moreover, an initial review of this action reveals that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought."  28 U.S.C. § 1406(a).

Here, Plaintiff is incarcerated at the California Rehabilitation Center in Norco, California, and he alleges that events which give rise to his claims occurred in Norco, California.  (*See* Compl. at 1-3.)  Moreover, no defendant is alleged to reside in the Southern District.  *See* 28

1  U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San

2  Diego.").  Thus, venue may be proper in the Central District of California, Eastern Division,

3  pursuant to 28 U.S.C. § 84(c)(1), but *not* in the Southern District of California.  *See* 28 U.S.C.

4  § 1391(b); *Costlow*, 790 F.2d at 1488.

5  **III**.    **Conclusion and Order**

6        For the reasons set forth above, the Court hereby **DISMISSES** this action sua sponte

7  without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant

8  to 28 U.S.C. §§ 1914(a) and 1915(a).

9        **IT IS FURTHER ORDERED** that  this case is **DISMISSED** without prejudice for lack

10 of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

11        The Clerk of Court shall close the file.

12        **IT IS SO ORDERED**.

13 DATED:  October 30, 2009

14

15                              Hon. Michael M. Anello
                               United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28